SAMUEL R. JACKSON *vs.* ALBERT P. GOULD.

Knox. Opinion June 7, 1881.

*R. S., c. 82, §§ 3, 4, 7. Review.*

The action of review, when a matter of right, should be brought within one year from the date of the rendition of judgment.

Where a party is entitled to a writ of review as a matter of right, and fails to bring it within the time limited by the statute, he may still be allowed the writ, in the discretion of the court, upon petition.

R. S., c. 82 §§ 3, 4, applies to non-resident defendants, as well as to inhabitants temporarily absent.

ON REPORT.

Petition for review.

The parties agreed that the case should be reported for the decision of the law court, that court to have the same powers as the judge at *nisi prius*, all the evidence to be subject to any legal objections, the court to render such judgment as the case required.

The opinion states the case.

*Strout and Holmes,* for the petitioner, cited : R. S., c. 89, § 1, specifications 1 and 7 ; *Holmes* v. *Fox,* 19 Maine, 107 ; *Shurtleff* v. *Thompson,* 63 Maine, 118 ; *Eastman* v. *Wadleigh,* 65 Maine, 251 ; *Austin* v. *Dunham,* 65 Maine, 533 ; *Jones* v. *Eaton,* 51 Maine, 386.

*A. P. Gould,* for the defendant, contended that the petitioner was not entitled to a review as of right because more than one year had elapsed since the default was entered, and that was the date from which the limitation began to run, and not the time of entering up the judgment where the action was continued for judgment for a year. A reasonable construction is to be given to the statute, and a beneficial effect is to be given to it if possible.

If it requires the withholding of the execution for one year after judgment, in case of a judgment against a non-resident, the action itself would be lost, as a judgment against a non-resident is simply a judgment *in rem* against the property attached ; and a withholding of his execution for thirty days after a final record of the judgment would operate as a discontinuance of the action itself.

A history of the legislation upon the subject shows that could not have been the intention of the legislature.

Nor is the petitioner entitled to a review as a matter of discretion. His petition does not set forth what his defence is, so that it can be seen that justice to him requires a review. Nor does it set forth the names of witnesses by whom he expects to prove a defence, nor any facts which he expects to prove by witnesses. See *Warren* v. *Hope,* 6 Maine, 479.

In *Boston* v. *Robbins,* 116 Mass. 313, the court say, "But if upon a petition in due form and competent evidence, the judge is of opinion that the petitioner has a substantial defence to the action upon the merits, which by accident and mistake, and without fault on his part, he has had no opportunity of presenting to the court and jury, it is within the discretion of the judge to grant a review.

If review is granted in this case the court should impose conditions, it should not be granted simply to allow the petitioner to set up the statute of limitations. *Austin* v. *Dunham,* 65 Maine, 533 ; *Jones* v. *Eaton,* 51 Maine, 386.

SYMONDS, J. On the second day of April, 1879, in Knox county, judgment was rendered in favor of the respondent against the petitioner for the sum of $8168.16, debt and costs, and on the sixteenth day of April, 1879, execution therefor issued against, and on May 2, 1879 was levied upon the real estate attached.

The petitioner was not an inhabitant or resident of Maine at the date of the writ and attachment, nor during the pendency of the action, and no service was made upon him before entry. At the return term, September, 1874, after order of notice by publication in a Rockland newspaper, the case was continued. The docket entry at the December term, 1874, shows that the notice ordered in September was proved to have been given, but the action was continued to the March, and again to the September term, 1875, when a new notice by publication in another Rockland newspaper was ordered, and this order was renewed from term to term till the March term, 1878, when the notice was proved, the action defaulted and continued for judgment. The docket for the September and December terms, 1878, shows only further continuances for judgment, but at the March term, 1879, after the expiration of a year from the date of default, the judgment was rendered and execution issued as at first stated.

The petition for review was entered at the September term, 1879, and by agreement of counsel its statements, so far as they are competent and material, are to be taken as a part of the testimony. They show the non-residence of the petitioner, his absence from the State, that there was no appearance of counsel in his behalf, and that he had no notice of the action till the levy was made. No legal evidence contradicts the statements of the petition on these points. It is not proved that the petitioner received or saw the newspapers containing the notices published by order of the court. *Freeman* v. *Morey*, 45 Maine, 50.

The petition asks the court in the exercise of its discretion to grant the review, but in argument it is claimed as of right under R. S., c. 82, § § 3, 4. If it were a matter of right, it was unnecessary to petition for leave. By doing that, the time

within which it could in any event be of right has passed. The action of review should have been brought, without petition, within the year from judgment rendered, if there was a legal right to be enforced. R. S., c. 89, § 7. The lapse of time has clearly barred the right to review, if one existed. It is now only a question of the use of discretionary power to review the judgment. R. S., c. 82, § 5.

Whether the bond mentioned in R. S., c. 82, § § 4, 5, was given before the execution was procured, or not, does not appear. If this bond was given, there was no irregularity in the issuing of the execution. If the execution issued without it, "through accident, inadvertence or mistake," under the law of 1877, c. 149, the levy may still be valid unless the judgment is reversed upon review. In either case the defendant in that action, if within the provision of R. S., c. 82, § 4, might bring an action of review as of right during the year therein allowed.

If the third and fourth sections of R. S., c. 82, were considered without reference to their history, a doubt might arise whether they included the case of a defendant, like the present petitioner, who was not an inhabitant of the State during the pendency of the action against him, and had no notice of it. But no such question is raised in the argument. The reason for their application to non-residents, as well as to inhabitants temporarily absent, is equally obvious and strong. The earlier statutes, as we shall see, show such intention. The act of 1877 indicates that section four was understood by the legislature to refer to all absent defendants without notice, and in *Davis* v. *Stevens*, 57 Maine, 593, 599, it was distinctly held to apply to a defendant who "during the pendency of the suit  .   .   . was not an inhabitant of this State, had no notice except by publication, and made no appearance." The case here presented, therefore, so far as the parties are concerned, falls within the provisions of these sections.

But upon the construction of section four it is claimed that the year within which review is a matter of right dates from the entry of default, not from the final rendering of judgment; that the continuance for judgment for a year after default serves the

purpose of the statute, gives the absent defendant the year within which to apply for review, and that the date when by the default the charge in the declaration is admitted to be true, not the time of the actual entering and recording of the judgment, should for this purpose be deemed the time of rendering judgment upon default,—the continuance for judgment, it is urged, being in such case only so much delay in making up the judgment and entering it of record. More than a year after default having expired in this case before the petition for review, the petitioner, it is claimed, was not at its date in position to bring an action of review as a matter of right.

There is one argument in favor of this construction strong enough to force it upon the court, if it were possible to reconcile it with the language of the statute, and with other provisions of law. It must be conceded that, if this construction is not adopted, the attachment of property,—against which only judgment is rendered in such case, *Eastman* v. *Wadleigh*, 65 Maine, 251,—will always be lost before execution can be had upon the judgment without filing the bond. The attachment expires in thirty days after final judgment in the original suit. The execution without the bond cannot be obtained till one year after such judgment. The statutes, R. S., c. 82, § 126, contain a special provision that in the cases mentioned in this fourth section the first execution "may be issued not less than one, nor more than two years from the time of judgment," an exception to the usual limitation of one year for the first execution ; but they nowhere provide for the continuance of the attachment in such cases beyond the ordinary time of thirty days from final judgment. The process of the court, then, unless the sections are construed as the respondent claims, would hold the property at the date of the judgment, but not at the date of the execution. The final process at best could only be valid against the property which had been attached, so far as no superior rights had intervened between the dissolving of the attachment and the issuing of the execution. This is a serious difficulty in the construction of section four ; but there are reasons which induce us to regard the want of a provision continuing the attachment

in force during the year and till a levy could be made upon the execution as a *casus omissus*, (*) rather than as compelling or justifying the construction claimed by the respondent.

It is to be observed that the first act in this State, relating to the subject, 1821, c. 59, § 7; stat. Mass. 1798, February 17, § 5, clearly includes the case of non-residents, who have no notice of the suit, but makes no provision for issuing the execution at any time without the bond. It was to be stayed till the bond was filed. The limitation of one year related only to the suit brought by the absent defendant to reverse, annul or alter the judgment. That must be commenced within the year to hold the surety on the bond. There was a separate provision for giving the defendant actual notice of the pendency of the suit, by serving upon him out of the State an attested copy of the writ and officer's return thirty days before the term of rendering the judgment, and thereupon the execution might issue as usual without a bond, but real estate levied on was not to be conveyed by the plaintiff within one year.

Here were two distinct classes of cases : first, an absent defendant without notice, in which case there could be no execution without a bond; secondly, an absent defendant, served during the pendency of the action with a copy of the writ and return, in which case the execution issued in the usual course, but land levied on could not be conveyed for a year.

The revision of 1841 brings the subject somewhat into obscurity, but we think these two classes of cases were still intended to be distinguished. The absent defendants without notice were referred to in R. S., 1841, c. 115, § 3 ; that section applying, as we have seen in regard to the present statute, to non-residents, as well as to inhabitants absent at the time ; while section four of the same chapter referred to defendants not inhabitants of the State, or within it, but who had actual notice of the suit; the words, actual notice, undoubtedly intending a legal notice, such as had been

(*)This omission of the law was supplied by stat. 1881, c. 59, enacted after Judge SYMONDS had prepared this opinion. That statute provides that any attachment made on the original writ, defaulted, the defendant being absent from the State, shall continue one year and thirty days after the judgment is rendered upon such default.	REPORTER.

provided for in the law of 1821. In 1841, as in 1821, no bond was required before taking out execution in the latter case. The provision limiting the conveyance of the land levied on, however, disappears. But in the former case it was provided, c. 115, § 5, that "when judgment in any personal action shall be rendered, . . . upon the default of an absent defendant, the plaintiff shall not take out execution thereon, within one year thereafter," unless he gives the bond. This applied only to absentees without notice, and it was only to them that the seventh section gave a review as of right, "to be commenced and prosecuted . . . within one year next after the judgment was rendered." No such right was given to those who had had the actual notice of the suit, nor as to them was there to be any delay in issuing the execution.

The implication is, that against defendants absent at the date of the writ and during the pendency of the action, or, rather against their property attached, execution may issue after the year without a bond and without proof that they have had notice of the action, but this is an implication or a provision which the original act did not contain, which came into the statute only upon revision, and which was probably introduced for the reason that the surety in the bond was only liable on review brought within one year. At the expiration of the year, without review brought, the liability of the surety would be at an end if a bond had been given. So the time for issuing the first execution was extended, R. S., 1841, c. 115, § 104, and it was allowed to issue after a year without a bond.

No substantial change in these respects was made by the revisions of 1857 and 1871, although some difficulty is introduced by condensing § § 3 and 4 of the law of 1841 into one section in the later revisions. But § 4 of R. S., c. 82, still refers only to the first class of cases mentioned in the preceding section, including, therein, absent defendants who are not, as well as those who are, inhabitants of the State. The distinction is between those who have, and those who do not have, actual (legal) notice of the suit. It was not intended to give the review of right to the defendants mentioned in the last sentence of R. S., 1871, c. 82, § 3.

This examination of the statutes is only valuable in order to account for their incompleteness and want of harmony in providing for an execution to issue after the expiration of a year from the rendering of the judgment, without continuing the attachment till a levy could be made upon such an execution. It was not originally contemplated that the execution should be given without the bond. That provision came in when the statutes were revised in 1841, without the additional provision which was necessary to give it its full value or to make it wholly effective.

In all these statutes, the limitation dates from the judgment, not from the default. By the act of 1821, the suit to recover back the amount of the first judgment was to be brought in one year next after it was entered up. The language of the laws of 1841 seems to leave no doubt upon this point. The execution without the bond was not to be taken out within one year after judgment rendered upon the default. The condition of the bond was to repay the amount of damages and costs to the defendant, "if the judgment shall be reversed, upon a review to be brought by the original defendant, within one year after the rendition of the original judgment." "The defendant shall be entitled to a review of the action, as of right, to be commenced and prosecuted in the same court, within one year next after the judgment was rendered."

The later act of 1877, relating to the same subject, in two instances fixes the limitation as one year from or after "the rendition of such judgment."

While the case stands upon the docket, continued for judgment, as a matter of course no judgment has been rendered. There is none to be reviewed. An action of review, where it is of right, could not be brought. A petition for review, where it is of discretion, could not be entertained. The original action is still within the control of the court. The default may be stricken off, the case re-heard, and further proceedings may so change the result that a very different judgment may be rendered from that which it stands upon the docket awaiting.

When this petition was entered in court, the petitioner had a right, without application for leave, to bring an action of review.

The time has passed for the exercise of that right; but it is the opinion of the court that the review should still be granted if the petitioner waives the right to plead the statute of limitations in defence of the original action. Upon the petition no costs will be recovered.

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.